FILED
OCT 15 2012
DAVID CREWS, CLERK
BY _____ Deputy

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

ANGELA ANDERSON, Personally,
and on behalf of the WRONGFUL DEATH BENEFICIARIES
of PRINCESS ANDERSON, Deceased

PLAINTIFF

V.    No. 3:12-CV-90-MPM-SAA

MARSHALL COUNTY, MISSISSIPPI,
KENNY DICKERSON, AND
BAPTIST MEMORIAL HOSPITAL – DESOTO

DEFENDANTS

## COMPLAINT

COMES NOW Plaintiff, by and through Counsel, and for this her Complaint of Wrongful Death, hereby states the following:

### Parties

1. Plaintiff Angela Anderson is an adult resident of Byhalia, Mississippi and the natural mother of decedent Princess Anderson.

2. Decedent Princess Anderson was an adult resident of Byhalia, Mississippi, and the daughter of Plaintiff Angela Anderson.

3. Defendant Marshall County is a governmental entity which is located in Marshall County, Mississippi, which may be served with process upon its representative Board of Supervisors: Eddie Dixon, 4226 Hwy 72, Holly Springs, Mississippi, 38635.

4. Defendant Kenny Dickerson, during all relevant times herein, was the Sheriff of Marshall County and by law is prescribed to maintain and operate the county

jail for Marshall County and provide care and protection for those persons therein contained. Defendant Kenny Dickerson may be served with process at 819 West Street, Holly Springs, Mississippi, 38635.

5. Defendant Baptist Memorial Hospital - Desoto is a Mississippi Corporation with its principal place of business in Desoto County, Mississippi. It may be served with process upon its registered agent: CT Corporation System, 645 Lakewood East Drive, Suite 101, Flowood, Mississippi, 39232.

## Jurisdiction and Venue

6. All events for the basis of this Complaint occurred in the Northern District of Mississippi and all parties are located within the Northern District of Mississippi as well. Venue is therefore proper with this Court.

7. This Court has jurisdiction over the constitutional claims pursuant to 42 U.S.C. Section 1983, and jurisdiction over the state claims pursuant to pendent or supplemental jurisdiction.

## Factual Background

8. At 10:42 a.m. on February 7, 2011, Princess Anderson presented to the emergency room of Baptist Memorial Hospital (BMH) in Collierville, Tennessee, with a chief complaint of nausea.

9. An ultra sound and other tests were performed and it was determined that Princess Anderson was pregnant.

10. She was diagnosed with morning sickness and a pelvic exam was recommended.

11. At approximately 3:50 p.m. on that same day, Princess Anderson checked herself out of Baptist Memorial Hospital (BMH)-Collierville.

12. At approximately 10:25 p.m. on February 7, 2011, Princess Anderson presented to the Emergency Room of BMH-Desoto with a chief complaint of Opiod abuse and hyperventilation.

13. During her treatment at BMH-Desoto it was determined that Princess Anderson was suffering from an altered mental status and acute psychosis.

14. The prior records from BMH-Collierville were requested, received and were available for review.

15. Due to Princess Anderson's behavior and based on BMH-Desoto's determination that there was nothing they could do for the patient medically, she was involuntarily referred to psychiatric counseling.

16. On February 8, 2011, a writ was issued to the Desoto County Sheriff to take Princess Anderson to a County Crisis Center if room was available, and if not, to the County Jail.

17. Also on February 8, 2011, an order transferring the matter to Marshall County was entered.

18. On February 9, 2011, a writ was issued to the Marshall County Sheriff to, "take said person into your custody, and place her so that she may be examined by those persons duly appointed by the clerk."

19. On February 8, 2011, the Marshall County Sheriff's office transported Princess Anderson to the Marshall County Jail at approximately 1:03 p.m.

20. From the time she was taken into custody by the Marshall County Sheriff's office until the time an ambulance was called on February 11, 2011, at approximately 3:01 p.m., Princess Anderson did not receive any medical treatment.

21. During the same above-mentioned time frame, Princess Anderson was not examined nor evaluated by a medical healthcare provider.

22. During that time, Princess Anderson's medical condition continued to deteriorate.

23. Despite requests from other prisoners in the County Jail, the Marshall County Sheriff's office did not contact any health care authorities or conduct a medical evaluation of Princess Anderson.

24. On February 11, 2011, Plaintiff Angela Anderson went to visit her daughter in the Marshall County Jail.

25. Princess Anderson, decedent, was found naked on the floor of her cell, unconscious.

26. Plaintiff Angela Anderson requested medical assistance and an ambulance was called.

27. On February 11, 2011, Princess Anderson was taken to a local hospital, and then transferred to BMH-Union County in order to receive a higher level of care.

28. Her diagnosis on admission included dehydration, sepsis, acute renal failure, ongoing psychosis and hypernatremia.

29. She was admitted to the Intensive Care Unit in critical condition.

30. On February 14, 2011, Princess Anderson was transferred from BMH-Union County to BMH- Desoto in order to receive a higher level of care.

31. At BMH-Desoto she was admitted to the Intensive Care Unit.

32. Princess Anderson never left the hospital; she died on March 15, 2011.

33. Her diagnosis at that time included acute renal failure, hypernatremia, rhabdomyolosis, metabolic encephalopathy, acute liver injury, acute kidney injury, hypothermia, and staph infection.

## Causes of Action

MARSHALL COUNTY

34. Plaintiff repeats the allegations contained in paragraphs 1 – 33 as though set for verbatim.

35. Pursuant to 42 U.S.C. §1983, Plaintiff asserts that the Marshall County Sheriff's office was deliberately indifferent to the serious medical needs of the decedent, Princess Anderson, and that due to the deliberate indifference decedent failed to receive necessary medical care and as direct proximate cause, or proximate contributing cause, thereby died.

36. Detainees, such as the decedent, have a constitutional right under the 14th Amendment and 8th Amendment of the United States Constitution to basic human needs, including medical care for serious conditions.

37. Defendant Marshall County violated decedent's constitutional rights set forth above by failing to provide reasonable medical care for a serious condition and by deliberately and knowingly failing to provide medical care or call for medical help for a detainee who was objectively suffering from a serious life threatening medical condition.

38. Defendant Marshall County had actual knowledge of the decedent's deteriorating condition but purposefully and deliberately ignored the condition thereby resulting in the death of the decedent.

39. Defendant Marshall County's conduct herein was objectively unreasonable in light of the clearly established law at the time, which law required that a detainee's serious medical condition not be met with deliberate indifference.

40. As a direct and proximate cause, or proximate contributing cause of the conduct described above, the decedent was caused to suffer serious injury, medical bills, pain and suffering, anguish, loss of enjoyment of life, and ultimately death, together with such other damages as may be shown through discovery or at trial.

KENNY DICKERSON

41. Plaintiff repeats the allegations contained in paragraphs 1 – 33 as though set for verbatim.

42. Pursuant to 42 U.S.C. §1983, Plaintiff asserts that Kenny Dickerson was deliberately indifferent to the serious medical needs of the decedent, Princess Anderson, and that due to the deliberate indifference decedent failed to receive necessary medical care and as direct proximate cause, or proximate contributing cause, thereby died.

43. Detainees, such as the decedent, have a constitutional right under the 14th Amendment and 8th Amendment of the United States Constitution to basic human needs, including medical care for serious conditions.

44. Kenny Dickerson violated decedent's constitutional rights set forth above by failing to provide reasonable medical care for a serious condition and by deliberately

and knowingly failing to provide medical care or call for medical help for a detainee who was objectively suffering from a serious life threatening medical condition.

45. Kenny Dickerson had actual knowledge of the decedent's deteriorating condition but purposefully and deliberately ignored the condition thereby resulting in the death of the decedent.

46. Defendant Kenny Dickerson's conduct herein was objectively unreasonable in light of the clearly established law at the time, which law required that a detainee's serious medical condition not be met with deliberate indifference.

47. As a direct and proximate cause, or proximate contributing cause of the conduct described above, the decedent was caused to suffer serious injury, medical bills, pain and suffering, anguish, loss of enjoyment of life, and ultimately death, together with such other damages as may be shown through discovery or at trial.

BAPTIST MEMORIAL HOSPITAL - DESOTO

48. Plaintiff repeats the allegations contained in paragraphs 1 – 40 as though set for verbatim.

49. Plaintiff would further allege that the decedent, Princess Anderson, was owed a duty of reasonable care when she presented to the Emergency Room at the Defendant Baptist Desoto Hospital.

50. That the Defendant Baptist Desoto failed to meet the applicable standard of care by failing to properly observe, diagnose and/or treat the decedent's condition prior to discharging her to the County Sherriff's Department.

51. Specifically, Defendant Baptist Desoto was negligent in the following respects:

  a.  failure to properly diagnose the cause of decedent's altered mental status;

  b.  failure to properly determine the stability and condition of the decedent prior to discharge;

  c.  failure to consult the proper medical specialty prior to discharge;

  d.  failure to discharge with the proper instructions; and

  e.  such other conduct as may be revealed through discovery.

52. As a direct and proximate cause, or proximate contributing cause of the conduct described above, the decedent was caused to suffer serious injury, medical bills, pain and suffering, anguish, loss of enjoyment of life, and ultimately death, together with such other damages as may be shown through discovery or at trial.

Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Court for a judgment in her favor against the Defendants, jointly and severally, in an amount that is reasonable and just, pursuant to the applicable laws, and such other relief as this court may deem fair and equitable.

Respectfully submitted,

CHAPMAN, LEWIS & SWAN, PLLC
Attorneys for Plaintiff
501 First Street
P.O. Box 428
Clarksdale, MS 38614
(662) 627-4105 – phone
(662) 621-2538 – facsimile

By: _____
Daniel M. Czamanske, Jr.
MSB No. 10812
dan@chapman-lewis-swan.com