IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANGELA ANDERSON, personally,
and on behalf of the wrongful death beneficiaries
of PRINCESS ANDERSON, deceased                                            PLAINTIFF

vs.                                                  Civil Action No. 3:12cv92-DMB-SAA

MARSHALL COUNTY, MISSISSIPPI,
and BAPTIST MEMORIAL HOSPITAL-DESOTO, INC.           DEFENDANTS

### BAPTIST MEMORIAL HOSPITAL-DESOTO'S
### MOTION TO EXCLUDE
### EXPERT TESTIMONY BY DR. THOMAS FOWLKES
### ON BEHALF OF THE PLAINTIFF

COMES NOW Defendant Baptist Memorial Hospital-DeSoto, Inc. ("BMH-DeSoto") and submits to the Court its motion to exclude certain expert testimony against it by Dr. Fowlkes. In support of its motion, BMH-DeSoto would show unto the Court as follows, to wit:

1) The Plaintiff instituted the present action with the filing of her Complaint with this Court on October 15, 2012. In her Complaint, the Plaintiff makes federal law claims against the Co-Defendant Marshall County arising under 42 U.S.C. § 1983 related the detention of Princess Anderson at the Marshall County Jail pending an additional medical and mental health evaluation within 48 hours under a court ordered writ of commitment. Additionally, the Plaintiff asserts claims against BMH-DeSoto arising entirely under Mississippi law for medical malpractice in the evaluation and care of Ms. Anderson at the emergency room of BMH-DeSoto and prior to Ms. Anderson's release to law enforcement officials under the terms of that same court-ordered writ;

2) Following the expert designation of Marshall County where it identified Dr. Thomas Fowlkes as an expert witness, the parties scheduled the deposition of Dr. Fowlkes. After the deposition and testimony elicited therein, the Plaintiff filed an untimely and insufficient designation

of Dr. Fowlkes as an expert against BMH-DeSoto, long after the Plaintiff's expert designation deadline had run.  For that reason, BMH-DeSoto now seeks the exclusion of any testimony by Dr. Fowlkes as a designated expert for the Plaintiff or otherwise outside the scope of his original, timely designation by Marshall County.  Moreover, any opinions rendered by Dr. Fowlkes concerning any supposed failure to provide follow up pregnancy care to Princess Anderson should be struck as Princess Anderson never suffered any complications or problems from her pregnancy.   As the circumstances of her death were legally unforeseeable from any supposed failure to provide pregnancy care, any claim in that regard fails and Dr. Fowlkes testimony on that point should be excluded;

    4)  The Plainitff's designation of Dr. Fowlkes as an expert on her behalf  is untimely and should be struck and all testimony by Dr. Fowlkes against BMH-DeSoto should be excluded.  The designation comes long after the expert designation deadline for the Plaintiff as established by this Court.    These adverse opinions during deposition came as a complete surprise to BMH-DeSoto, who relied upon the prior, timely designations of experts by the parties as establishing the expert witness landscape in this matter.   All of the facts utilized by Dr. Fowlkes in the untimely disclosure were well known to the parties long before the expiration of the expert designation deadlines.   The Plaintiff has already designated an expert witness in this matter and she has had a full opportunity already to develop any needed expert testimony;

    5)  The Plaintiff's designation of Dr. Fowlkes as an expert and related supplemental discovery responses do not meet the requirements of Federal Rule of Civil Procedure 26, including its requirement that the designation contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  For this reason, the Plaintiff's expert

designation of Dr. Fowlkes should be struck and all testimony by Dr. Fowlkes against BMH-DeSoto should be excluded;

6) Further, any opinion by Dr. Fowlkes that physicians failed to adequately provide follow up or other care to Ms. Anderson based upon her pregnancy or any pregnancy-related condition should be excluded by this Court as it is unsupported by any admissible opinion that the supposed failure to provide adequate follow up care was a foreseeable, proximate cause of Ms. Anderson's death. Any such claim is simply not supported by the essential element of proximate cause and its required aspect of foreseeability, making any opinions in this regard more prejudicial than probative under Federal Rule of Evidence 403;

7) In support of its motion, BMH-DeSoto relies upon the record in this matter, its Memorandum Brief submitted separately to the Court and the following matters hereby attached as Exhibits to this Motion:

- A) Exhibit "A," Plaintiff's Complaint;
- B) Exhibit "B," Case Management Order;
- C) Exhibit "C," Order Granting Motion for Extension of Time;
- D) Exhibit "D," Plaintiff's Expert Designation;
- E) Exhibit "E," Marshall County's Expert Designation;
- F) Exhibit "F," Deposition of Dr. Thomas Fowlkes (Part I);
- G) Exhibit "G," Plaintiff's Supplemental Responses to BMH-D's Interrogatories;
- H) Exhibit "H," Plaintiff's Supplemental Disclosure of Expert Opinions;
- I) Exhibit "I," Deposition of Dr. Thomas Fowlkes (Part II).

WHEREFORE, PREMISES CONSIDERED, BMH-DeSoto respectfully requests that this Court strike the Plaintiff's expert designation of Dr. Thomas Fowlkes and exclude from the evidence in this case any opinions by Dr. Fowlkes which are critical of BMH-DeSoto as well as any other opinions outside his prior designation as an expert for Marshall County, Mississippi.

Respectfully submitted, this the 4th day of April 2014.

                                          BAPTIST MEMORIAL HOSPITAL-DESOTO, INC.


                                      BY:   *s/Walter Alan Davis*
                                                  WALTER ALAN DAVIS, MSB #9875
                                                  waltdavis@dunbardavis.com


Of Counsel:

DUNBAR DAVIS, PLLC
Attorneys at Law
324 Jackson Avenue East
Oxford, MS 38655
(662) 281-0001

## CERTIFICATE OF SERVICE

      I, Walter Alan Davis, do hereby certify that I have this date served a true and correct copy of the above and foregoing document by electronic mail to:

      Mr. Daniel M. Czamanske, Jr.
      dan@chapman-lewis-swan.com
      *Attorney for Plaintiff*

      Mr. Ray Hill
      rhill@claytonodonnell.com
      *Attorney for Defendants Marshall County, MS*
      *and Kenny Dickerson*

      Mr. David D. O'Donnell
      dodonnell@claytonodonnell.com
      *Attorney for Defendants Marshall County, MS*
      *and Kenny Dickerson*

      This, the 4th day of April, 2014.

                                          *s/Walter Alan Davis*
                                          WALTER ALAN DAVIS