IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANGELA ANDERSON, Personally,
and on behalf of the WRONGFUL DEATH BENEFICIARIES
of PRINCESS ANDERSON, Deceased                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:12cv92-MPM-SAA

MARSHALL COUNTY, MISSISSIPPI, and
BAPTIST MEMORIAL HOSPITAL – DESOTO                                 DEFENDANTS

MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT MARSHALL COUNTY, MISSISSIPPI'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE CERTAIN OPINIONS OF THOMAS FOWLKES, M.D.

COMES NOW, Defendant Marshall County, Mississippi, by and through counsel and files its Memorandum of Authorities in Support of its response to Plaintiff's motion to strike certain opinions of Thomas Fowlkes, M.D., and would show unto the Court as follows:

## I. Introduction

Plaintiff's motion to strike certain aspects of Dr. Fowlkes opinions should be denied under the prevailing Daubert and Kumho Tire admissibility standards because Fowlkes is clearly "qualified", as Board certified in the fields of emergency medicine and addiction and rehabilitation medicine, to provide opinions as to the care and treatment Princess Anderson received upon and after her intake at the Baptist Memorial Hospital–Union County emergency room on February 11, 2011. Indeed, the conditions suffered by Princess Anderson upon her presentation to the hospital's emergency room are conditions well familiar to Dr. Fowlkes and he is, as a matter of training and experience, uniquely qualified to provide opinions as to the failure to diagnose and properly treat these conditions in a "critical care" context.

## II. Facts

As the summary judgment record reflects, Princess Anderson, the decedent, presented at the Baptist Memorial Hospital–Union County emergency room on February 11, 2011 where she was seen by Dr. Mangle on a consultative basis. Dr. Mangle, board-certified in internal medicine, was employed by the hospital as a "hospitalist" although he was not board-certified in that specialty at the time. (Mangle, page 9 – 18; Exhibit 1 hereto) Dr. Mangle's emergency room records reflect his observations of Anderson's initial status, which included "hypernatremia" (dehydration) and acute psychosis. Mangle's notes do not reflect any findings or consideration as to whether Anderson was also suffering from rhabdomyolysis, a potentially life-threatening condition. Dr. Mangle decided to admit Anderson into the intensive care unit under his care and treatment. Within approximately 48 hours of Anderson's admission into the intensive care unit, Mangle finally determined that Anderson was also suffering from rhabdomyolysis. The next day, Mangle arranged for Anderson's transfer to Baptist Memorial Hospital–De Soto, believing that the Union County hospital did not have sufficient facilities and resources to treat Anderson's "critical" and deteriorating condition. (Mangle, page 9 – 18)

Dr. Fowlkes was retained by Marshall County to render opinions as to, inter alia, the care and treatment provided Anderson during the course of her stay at the Union County hospital, including her stay in the emergency room and intensive care units. Fowlkes is board-certified in the fields of emergency medicine and addiction and rehabilitation medicine, has worked in emergency room settings in area hospitals and has recently operated his own private urgent care clinic in Oxford, Mississippi since completing his residency in 1991. (Fowlkes, pp. 14 – 23; exhibit 2 hereto; Fowlkes Curriculum Vitae, Exhibit 3 hereto) Fowlkes has frequently

2

diagnosed and treated each of the conditions suffered by Anderson as eventually diagnosed by Mangle and physicians at Baptist Memorial Hospital–De Soto. These conditions included hypernatremia, kidney failure, acute psychosis and rhabdomyolysis. (Fowlkes, pp. 111 – 27) There is no dispute that these conditions are considered potentially "critical" and life-threatening if not properly and expeditiously treated.

### III Argument

Without citation or reference to any rule of evidence or case authority, the plaintiff does not clearly articulate a basis of the present motion to strike only certain portions of Dr. Fowlkes proffered testimony. Assuming the present motion implicates the evidentiary standard for the admissibility of expert testimony under Fed. R. Evid. 702, Fowlkes' testimony at issue, as summarized in his report (Fowlkes report, exhibit 4 hereto), clearly satisfies Daubert and Kumho Tire, given that Fowlkes is uniquely qualified by training and experience to testify as to the standards of care as they pertain to the diagnosis, care and treatment of hypernatremia and rhabdomyolysis in emergency and intensive care settings. Applying Rule 702, the Fifth Circuit has observed that "whether a proposed expert should be permitted to testify is case and fact specific." See Hodges v. Mack Trucks, Inc., 474 F.3d 188, 194 (5th Cir. 2006). A district court retains "broad latitude" both in deciding how to determine whether an expert's testimony is reliable and ultimately, whether the testimony is, in fact, reliable. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142 (1999). When evaluating expert testimony, the ultimate concern is whether or not it is relevant and reliable. As the evidentiary "gatekeeper", the district court is to evaluate such testimony in deciding its admission based upon whether the testimony is based

3

sufficiently on the facts or data, the testimony is the product of reliable principles and methods and that the witness has applied the principles and methods reliably to the facts of the case. See Smith v. Goodyear Tire & Rubber Co., 495 F.3d 224, 227 (5th Cir. 2007). However, the "gatekeeper" function of the district court does not replace trial on the merits. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 596 (1993).

Although admitting that Fowlkes is "no doubt" qualified to render opinions regarding the standard of care in emergency room settings, the plaintiff asserts that Fowlkes is not qualified to testify as to the care and treatment of Princess Anderson once she was admitted by Dr. Mangle into the Union County intensive care unit. The plaintiff relies on the artificial distinction of "where" Anderson was being examined and treated as opposed to the types of conditions which caused her admission to the union County emergency room. It makes no sense to suggest that although Fowlkes is "no doubt" qualified to testify as to the standards of care as they relate to Mangle's will diagnosis, care and treatment of, inter alia, hypernatremia and rhabdomyolysis in an emergency room setting, Fowlkes is not qualified to address whether Mangle appropriately continued Anderson's care and treatment for the same conditions in an intensive care setting. Of course, a "physician does not have to practice in, or be a specialist in, every area in which he offers an opinion." Bailey Lumber & Supply v. Robinson, 98 So.3d 1986, 994 (Miss. 2012) (applying identical Daubert standards). Of course, a physician need only demonstrate that he is "sufficiently familiar with the standards" in that area by his "knowledge, skill, experience,

4

training or education" to satisfy Rule 702. Id. at 992. Thus, it suffices that Fowlkes has the requisite education, training and experience in treating the medical conditions at issue.

Given the nature of the conditions at issue, particularly hypernatremia and rhabdomyolysis, and given the plain fact that Anderson presented at the Union County emergency room where she was seen by Mangle prior to her admission into the intensive care unit by Mangle, Fowlkes training and experience in emergency medicine clearly qualifies him to render opinions as to Mangle's failure to diagnose rhabdomyolysis and mangle's failure to properly and expeditiously treat the hypernatremia and rhabdomyolysis conditions which ultimately contributed to Anderson's demise 30 days later.

Based upon the foregoing, defendant Marshall County, Mississippi respectfully requests this court deny the present motion in all respects. The defendant also requests any other relief which the court may find warranted in the premises.

Respectfully submitted,

MARSHALL COUNTY, MISSISSIPPI

*s/ David D. O'Donnell*
**DAVID D. O'DONNELL, MSB# 3912**
dodonnell@claytonodonnell.com

Of Counsel:

CLAYTON O'DONNELL, PLLC
1300 Access Road, Suite 200
P.O. Drawer 676
Oxford, MS 38655
Telephone: (662) 234-0900
Facsimile: (662) 234-3557

5

## CERTIFICATE OF SERVICE

I, David D. O'Donnell, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Daniel M. Czamanske, Jr.
Chapman Lewis & Swan
P. O. Box 428
Clarksdale, MS 38614
dan@chapman-lewis-swan.com
*Attorney for Plaintiff*

Walter Alan Davis
Dunbar & Associates
324 Jackson Avenue East
Oxford, MS 38655
kembry@dunbardavis.com
*Attorney for Baptist Memorial Hospital – Desoto, Inc.*

This the ____ day of April, 2014.

            *s/ David D. O'Donnell*
            **DAVID D. O'DONNELL, MSB# 3912**
            dodonnell@claytonodonnell.com