UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANGELA ANDERSON, Personally,
and on behalf of the WRONGFUL DEATH BENEFICIARIES
of PRINCESS ANDERSON, Deceased                         PLAINTIFF

    v.                                                  No. 3:12-CV-92-MPM-SAA

MARSHALL COUNTY, MISSISSIPPI,
KENNY DICKERSON, AND
BAPTIST MEMORIAL HOSPITAL - DESOTO                     DEFENDANTS

**PLAINTIFF'S RESPONSE TO DEFENDANT BAPTIST MEMORIAL HOSPITAL-DESOTO'S MOTION TO EXCLUDE EXPERT TESTIMONY BY THOMAS FOWLKES, M.D.**

    COMES NOW Plaintiff, by and through counsel, and for this her Response to Defendant Baptist Memorial Hospital-DeSoto's (hereinafter "BMH") Motion to Exclude Expert Testimony by Thomas Fowlkes, M.D., hereby sets forth the following:

    1.    In this case, the Decedent, Princess Anderson was discharged from BMH with a diagnosis of acute psychosis and an altered mental status on or about February 8, 2011. She was then taken by Sheriff Deputies to the Marshall County Jail where she remained for three days until February 11, 2011, when her mother came and found her unresponsive and on the floor of a jail cell. The Decedent was returned to BMH ultimately and died.

    2.    It has been Plaintiff's position throughout this case that the decedent was suffering from life threatening conditions at the time she was discharged by BMH on February 8, 2011, and that these conditions continued to get worse after her discharge while she was in jail. It has been alleged by the Plaintiff that it was below the applicable standard of care for BMH to discharge a

patient in her condition, and it has been alleged that the jail violated her constitutional guarantees to medical care for serious medical conditions as well a right to be free from cruel and unusual punishment. Plaintiff timely designated Dr. Sobel, an expert, in support of these allegations. The Defendants identified their experts, and then the expert depositions were taken.

    3.    One of the Defense experts, Dr. Fowlkes, is a physician who has worked in the emergency room of various hospitals. Defendant BMH does not attack his qualifications with regard to his expertise in the area of emergency medicine, but rather alleges that the disclosure of Dr. Fowlkes' opinions by the Plaintiff are untimely. However, these opinions being held by an adverse expert and never having been previously disclosed by the retaining party, were timely disclosed and adopted by the Plaintiff upon their discovery. It would have been impossible for the Plaintiff to be aware of these opinions at any time prior to their disclosure at the deposition, which occurred within the discovery deadlines, but after the expert disclosure deadline. As this was Defendant Marshal County's expert, this motion would apply to that Defendant and its failure to designate these opinions, however the Plaintiff had no knowledge (and is not alleged to have knowledge) of these opinions at any time before they were discovered during a deposition.

    4.    Dr. Fowlkes was hired as an expert to contradict the testimony and opinions of the Plaintiff's expert Dr. Sobel. In exploring these opinions at deposition, it turns out that there are some areas in which he agrees with Dr. Sobel. Dr. Fowlkes will not be called by the Plaintiff as an expert, however his deposition testimony and opinions (with regard to the areas of agreement) may be the subject of cross examination and testimony by Dr. Sobel, Plaintiff's expet. The Defendant BMH is attempting to limit and preclude cross examination of Dr. Fowlkes in these areas where there is a common ground between the experts. No legal basis for such action is cited. This is an attempt to limit Plaintiff's impeachment of a co-Defendant's expert essentially by arguing that opinions held

by such an expert, if not timely designated by the hiring party, cannot be (upon their discovery) disclosed by an adverse party.

5. Arguably, these undisclosed opinions by the co-Defendant's expert need not be designated by the Plaintiff to be utilized by the Plaintiff during trial. However, out of an abundance of caution, upon hearing that Dr. Fowlkes agrees with certain opinions of Dr. Sobel, the Plaintiff designated those portions of the deposition where the agreement occurred so that no argument could be made later that the Plaintiff can not offer the opinions at trial due to a lack of designation. Another reason the opinions, once learned, were designated is because the opinions were significant in that they addressed the issue of standard of care. Specifically, Dr. Fowlkes' testified that co-Defendant BMH breached the standard of care in discharging patient Princess Anderson. Such a significant opinion having not been known to the Plaintiff prior to the deposition, was designated as early as it could have been designated. The deposition was postponed for some time so counsel for BMH had plenty of opportunity, having already heard the adverse opinions, to explore those areas. In other words, there is no prejudice with regard to the timing of the disclosure.

6. With regard to the argument that the one opinion in particular having to do with the pregnancy is not causative in this case because the Plaintiff did not die from an ectopic pregnancy, this too should be denied and this argument must fail. The Plaintiff's expert and Dr. Fowlkes both agree that Princess Anderson should not have been discharged from the hospital for several reasons, one of which is the need for additional pregnancy testing. Plaintiff's contention has always been, as to BMH, that the patient should not have been discharged but rather should have been admitted and hospitalized. Plaintiff has contended that if Princess Anderson was hospitalized she would have survived her condition. Once Princess Anderson is admitted for any reason, and receives appropriate care within the appropriate standard, it is Plaintiff's contention that she would not have died. The

critical issue then, is not whether the pregnancy is ectopic, but whether she should have been admitted or not admitted. Dr. Fowlkes agrees with Dr. Sobel that there are numerous reasons for why this patient should be admitted. The Plaintiff should be allowed to offer evidence that Dr. Fowlkes, a co-Defendant's expert, agrees that there were numerous reasons why Princess Anderson should have been admitted rather than discharged.

WHEREFORE, Defendant's Motion to Exclude Testimony of Dr. Fowlkes should be denied, together with such other relief as this Court may deem just and proper.

This, the 23rd day of April, 2014.

Respectfully submitted,

CHAPMAN, LEWIS & SWAN, PLLC
Attorneys for Plaintiff
501 First Street
P.O. Box 428
Clarksdale, MS   38614
(662) 627-4105   Phone
(662) 621-2538   Facsimile

By:   s/Daniel M. Czamanske, Jr.
        MSB No. 10812
dan@chapman-lewis-swan.com

## CERTIFICATE OF SERVICE

I, Daniel M. Czamanske, Jr., do hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

David D. O'Donnell
dodonnell@claytonodonnell.com
Attorney for Defendants Marshall County, MS
and Kenny Dickerson

Ray Hill
rhill@claytonodonnell.com
Attorney for Defendants Marshall County, MS
and Kenny Dickerson

Kate Mauldin Embry
kembry@dunbardavis.com
Attorney for Defendant BMH-Desoto, Inc.

Walter Alan Davis
waltdavis@dunbardavis.com
Attorney for Defendant BMH-Desoto, Inc.

This, the 23rd day of April, 2014.

                                            s/Daniel M. Czamanske, Jr.
                                            DANIEL M. CZAMANSKE, JR.