IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANGELA ANDERSON, personally,
and on behalf of the wrongful death beneficiaries
of PRINCESS ANDERSON, deceased                                              PLAINTIFF

vs.                                      Civil Action No. 3:12cv92-DMB-SAA

MARSHALL COUNTY, MISSISSIPPI,
BAPTIST MEMORIAL HOSPITAL-DESOTO, INC.                   DEFENDANTS

**REBUTTAL BRIEF IN SUPPORT OF
BAPTIST MEMORIAL HOSPITAL-DESOTO'S
MOTION TO EXCLUDE
EXPERT TESTIMONY BY DR. THOMAS FOWLKES
ON BEHALF OF THE PLAINTIFF**

      COMES NOW Defendant Baptist Memorial Hospital-DeSoto, Inc. ("BMH-DeSoto") and submits to the Court its Rebuttal Brief in support of its motion to exclude certain expert testimony against it by Dr. Fowlkes and strike the Plaintiff's designation of him as an expert witness. In support of its motion, BMH-DeSoto would show unto the Court as follows, to wit:

1)       BMH-DeSoto filed its motion to exclude the testimony of proffered expert witness Dr. Thomas Folkwes on April 4, 2014. The Plaintiff filed its response to that motion on April 23, 2014. By order dated April 28, 2014, the Court denied the motion insofar as it challenged the failure of the Plaintiff to timely designate Dr. Fowlkes as an expert witness for the Plaintiff, but reserved ruling on other aspects of the motion;

2)       **Plaintiff's Failure to Properly Designate Dr. Fowlkes.** While BMH-DeSoto understands that the Court has ruled on the timeliness issue, BMH-DeSoto would state for the purposes of the record that the opinions of Dr. Fowlkes adverse to BMH-DeSoto are separate and distinct from that of the Plaintiff's retained expert

   Dr. Sobel and more importantly, well outside his original designation.  If those opinions were in fact identical, then that fact would support striking the opinions as the Plaintiff already has the opportunity to get those opinions before a jury. Instead, having Dr. Fowlkes' new and distinct opinions unexpectedly sprung on BMH-DeSoto during deposition, long after the disclosure deadline has past and at the very end of the discovery period is unfairly prejudicial and BMH-DeSoto believes those opinions should be struck as such;

3)  **Opinions Regarding Pregnancy Related Conditions Should be Excluded as They Are Legally Insufficient to Establish Proximate Cause.**  The question of proximate cause is an essential element of the Plaintiff's medical-malpractice claims against BMH-DeSoto.  Just as it is under traditional tort law, the question of proximate cause is itself comprised of two distinct concepts which must both be satisfied:  1) "Cause in fact" and  2) Foreseeability.  <u>See</u>, <u>e.g.</u>, <u>City of Jackson v. Law</u>, 65 So. 3d 821, (Miss. 2011) ("We wish to emphasize that the question of foreseeability is different fro the question of causation...") (quoting <u>City of Jackson v. Estate of Stewart</u>, 908 So.2d 703, 712-13 (Miss. 2005).

4)  In response to the present motion, the Plaintiff argues that she has sufficient proof to establish "cause in fact," but wholly ignores the question of foreseeability. Instead, she argues that she should be permitted to argue multiple reasons for Princess Anderson's admission to BMH-DeSoto regardless of whether she can meet the appropriate legal standard for recovery on those issues.   Permitting the Plaintiff to do so would be wholly inappropriate and unfairly prejudicial to BMH-

      DeSoto as those claims cannot serve as a legal basis for recovery and would do nothing but confuse the jury and risk unfair prejudice against BMH-DeSoto for reasons that have nothing to do with valid, recoverable claims. In addition to being legally insufficient to establish viable claims, the all such opinions should be properly excluded as being more unfairly prejudicial than probative under Fed. R. Evid. 403;

5)    While it might be reasonably foreseeable that a supposed failure to adequately address a pregnancy-related problem could result in a pregnancy-related complication, nothing of the sort occurred here. Dr. Fowlkes' opinions on this point should be excluded for the same reasons that partial summary judgment is appropriate on any claim based upon a supposed failure to property address Princess Anderson's pregnancy and as has been separately briefed and argued to the Court with BMH-D's Motion for Partial Summary Judgment;

WHEREFORE, PREMISES CONSIDERED, BMH-DeSoto respectfully requests that this Court strike the Plaintiff's expert designation of Dr. Thomas Fowlkes and exclude from the evidence in this case any opinions by Dr. Fowlkes which are critical of BMH-DeSoto as well as any other opinions outside his prior designation as an expert for Marshall County, Mississippi.

Respectfully submitted, this the 30[h] day of April 2014.

                              BAPTIST MEMORIAL HOSPITAL-DESOTO, INC.

                              BY:    *s/Walter Alan Davis*
                                       WALTER ALAN DAVIS, MSB #9875
                                       waltdavis@dunbardavis.com

Of Counsel:

DUNBAR DAVIS, PLLC
Attorneys at Law
324 Jackson Avenue East
Oxford, MS 38655
(662) 281-0001

**CERTIFICATE OF SERVICE**

    I, Walter Alan Davis, do hereby certify that I have this date served a true and correct copy of the above and foregoing document by electronic mail to:

>Mr. Daniel M. Czamanske, Jr.
>dan@chapman-lewis-swan.com
>*Attorney for Plaintiff*
>
>Mr. Ray Hill
>rhill@claytonodonnell.com
>*Attorney for Defendants Marshall County, MS*
>*and Kenny Dickerson*
>
>Mr. David D. O'Donnell
>dodonnell@claytonodonnell.com
>*Attorney for Defendants Marshall County, MS*
>*and Kenny Dickerson*

    This, the 30th day of April, 2014.

>    *s/Walter Alan Davis*_____
>    WALTER ALAN DAVIS